ROBERTSON, Justice:
The appellant, Carl Murphy, Jr., was indicted by the Lee County Grand Jury for the unlawful possession of whiskey for the purpose of resale without a license. After a full trial, the jury returned a verdict of “Guilty as Charged,” and the appellant was sentenced to serve six months in the county jail and to pay a fine of $500 and all costs.
There were twelve assignments of error. We deem it necessary to discuss only two of these assignments. The appellant contends: (1) The indictment was fatally defective, should have been quashed, and was not subject to amendment; (2) The court erred in admitting into evidence bottles of bourbon, gin and vodka found in the closet of a bedroom at the Ranch House, and erred in admitting evidence of a beer permit issued to appellant Murphy.
The Ranch House in Lee County, Mississippi, is a night club with a dance floor, beer bar, and kitchen facilities. It was admittedly owned by appellant Carl Murphy, Jr. About 3 p. m. April 9, 1968, David Shanks, an enforcement agent of the Alcoholic Beverage Control Division of the Mississippi State Tax Commission, with Ed Matthews, a Federal Alcohol and Tobacco Tax investigator, drove around to the back door of the Ranch House and blew the horn for service. D. C. Hillman came to the door, and Shanks then went into the Ranch House. Hillman went into the back bedroom and returned with a half-pint of Old Forrester which Shanks purchased for $2.25. Shanks testified that when you enter by the back door you come into a small area with restrooms on your *163 left and a walk-in cooler and small counter on your right. As to the location of the bedroom, Shanks said: “You go past the walk-in cooler and there is a door that takes you right into the back bedroom.”
After the purchase Shanks arrested Hill-man and informed Agent Matthews who came on into the Ranch House. Shanks continued his testimony:
“After I arrested Mr. Hillman, I walked into the back bedroom, the closet door was open and there in the closet was assorted brands of bourbon, gin and vodka.”
On the closet floor in cases, Shanks found twelve half-pints of Old Crow; nine half-pints of Old Forrester, ten half-pints of Gordon’s Gin, nine half-pints of vodka, one half-pint of Old Taylor, two fifths of Old Charter, ten pints of Seagram’s Seven Crown, six pints of Old Taylor, and sixteen pints of Gypse Rose Wine. All of this was admitted into evidence at the trial.
Appellant arrived at the Ranch House while Agents Shanks and Matthews were still there. Matthews told appellant that he was supposed to have a federal retail liquor dealer’s stamp, and appellant told Matthews that he would see about getting one.
Appellant testified that he had known Hillman for several years “back in the bootleg days,” that Hillman was “an awfully nice kind of a fellow,” and that he furnished Hillman with the bedroom and his food and paid him $100 per week to operate the Ranch House.
We have carefully studied the indictment. It is specific in its charge and sets forth every element of the offense of unlawful possession of whiskey for the purpose of resale.
It specifically charges the appellant with unlawful possession and not having a license or permit from the State.' The indictment charged the commission of the offense “on the _ day of November, A. D., 1968.” It was amended about two hours before the trial to show the exact day as November 14, 1968.
Section 2451 Mississippi Code 1942 Annotated (1956) provides:
“An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, * *
Time was not of the essence of the offense charged, and in any event the indictment .was amendable in this respect and was actually amended before trial. Miss.Code 1942 Ann. § 2449 (1956).
The court was correct in admitting into evidence the bottles of bourbon, gin and vodka found on the floor of the closet in the bedroom. The search of the closet was “incident to a lawful arrest,” and for the purpose of preventing the destruction of evidence of the offense. Shanks, the enforcing agent, had actually seen Hillman go through the door of the bedroom empty-handed and return with a half-pint of Old Forrester which he sold to Shanks. The door to the bedroom was left open, and Shanks testified that the door of the closet was also open and the assorted brands of whiskey were in plain view on the closet floor. In our opinion this was a reasonable search.
We call attention to the recent case of Chimel v. State of California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), wherein the Supreme Court of the United States held that it was error for officers, without a search warrant, to search the entire three-bedroom home, including the attic, the garage, and a small workshop, as an incident to the lawful arrest of Chimel for the burglary of a coin shop. The search took between forty-five minutes and an hour.
The Court held:
“Application of sound Fourth Amendment principles to the facts of this case produces a clear result. The search here *164 went far beyond the petitioner’s person and the area from within which he might have obtained either a weapon or something that could have been used as evidence against him. There was no constitutional justification, in the absence of a search warrant, for extending the search beyond that area. The scope of the search was, therefore, ‘unreasonable’ under the Fourth and Fourteenth Amendments * * * ” (395 U.S. at 768, 89 S.Ct. at 2043, 23 L.Ed.2d at 697).
We feel that Chimel is not applicable here. The search was limited to the very room that Hillman was actually seen to enter empty-handed; he returned from that room with a bottle of whiskey in his hand which he sold to Shanks. This was a reasonable search incident to a lawful arrest. There is another reason why Chimel does not apply; the decision is prospective and not retroactive in its application. California v. Edwards, Cal., 80 Cal.Rptr. 633, 458 P.2d 713 (1969); Scott v. State, 7 Md.App. 505, 256 A.2d 384 (1969); Mabane v. State, 7 Md.App. 620, 256 A.2d 701 (1969).
The judgment of the lower court is affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, PATTERSON, and INZER, JJ., concur.